IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY DAVIS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 119-015 (Formerly CR 110-041) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Fort Dix Federal Correctional Institution in New Jersey, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel, Petitioner's motion for leave to proceed *in forma pauperis*, and Respondent's motion to dismiss be **DENIED** as **MOOT**, (doc. nos. 3, 4, 6), Petitioner's § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

### I. BACKGROUND

On February 3, 2010, the grand jury in the Southern District of Georgia charged Petitioner with felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. United States v. Davis, CR 110-041, doc. no. 1 (S.D. Ga. Feb. 3, 2010) (hereinafter "CR 110-041"). The Court appointed Edward J. Coleman to represent Petitioner. Id., doc. no. 22.

On November 10, 2010, Petitioner appeared with counsel and pled guilty to Count One of the indictment. Id., doc. nos. 41-43. Petitioner admitted the factual basis for his guilty plea. Id., doc. no. 43, pp. 5-6. As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 4-5. At sentencing on February 17, 2011, Chief United States District Judge J. Randal Hall sentenced Petitioner to the mandatory minimum sentence of 180 months imprisonment, five years supervised release, a $1,000.00 fine, and a $100.00 special assessment. Id., doc. no. 51. Judgment entered on February 22, 2011. Id.

Consistent with the appellate waiver provision in Petitioner's plea agreement, Petitioner did not file a direct appeal. Id., doc. no. 43, pp. 4-5. However, on December 5, 2011, Petitioner filed his first § 2255 motion raising two grounds for relief. In Ground One, Petitioner alleged counsel was ineffective for failing to: (1) request a competency evaluation before Petitioner entered his guilty plea; (2) investigate the "legal authentication of the alleged priors used to support the fact[] finding required"; and (3) object to the "illegal enhancements" to Petitioner's sentence under § 924(e). Id., doc. no. 52. In Ground Two, Petitioner argued the sentencing court failed to ensure authentication of the convictions used to enhance his sentence as required by Shepard v. United States, 544 U.S. 13 (2005), and two of his convictions did not qualify for enhancement under § 924(e). Id. Respondent moved to dismiss, contending Petitioner's claims were barred by the collateral attack waiver and meritless. Id., doc. no. 61, pp. 9-17.

The Court granted Respondent's motion to dismiss, finding all of Petitioner's Ground

2

One and Two claims concerning counsel's representation at sentencing barred by the collateral attack waiver. Id., doc. nos. 64, 69, 70. In finding Petitioner's remaining claims meritless, this Court determined Petitioner's burglary conviction was for "generic burglary," and was properly considered an ACCA predicate offense. Id., doc. no. 64, p. 18. This Court cited information from the PSI that Petitioner's burglary conviction was for "enter[ing] the home of [victim] . . . with intent to commit a theft." Id.; PSI ¶ 27. Petitioner did not appeal.

On June 27, 2016, Petitioner filed an application pursuant to 28 U.S.C. §§ 2255(h), and 2244(b)(3)(A) with the Eleventh Circuit Court of Appeals, seeking an order authorizing this Court to consider a second or successive § 2255 motion. In re Charles Davis, No.16-14323 (11th Cir. June 27, 2016). The Eleventh Circuit granted Petitioner's application, determining Petitioner had made a *prima facie* showing that his claim implicated Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In granting Petitioner's application, the Eleventh Circuit specifically noted: (1) the sentencing court did not state whether it counted Petitioner's burglary conviction as an ACCA predicate under the enumerated offenses or elements clause, and (2) the Supreme Court's decision in Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016) "supports the conclusion that the Georgia burglary statute is not divisible." CR 110-041, doc. no. 74, pp. 6-7. The Eleventh Circuit cautioned, however, it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding. Id.

Petitioner filed his second § 2255 motion on September 30, 2016, arguing his prior Georgia burglary conviction no longer qualifies as an ACCA predicate offense in light of Johnson, Mathis, and Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013). Id.,

3

doc. no. 79, pp. 15-19.  Petitioner argued his burglary conviction cannot qualify as "generic" burglary under the enumerated offenses clause because Georgia's burglary statute is both non-generic and indivisible.  Id. at 17.  Petitioner contended because his burglary conviction cannot qualify under the enumerated offenses clause, it can only qualify under the now invalidated residual clause.  Id.

Respondent filed a motion to dismiss the petition, arguing: (1) Petitioner had not met the requirements under 28 U.S.C. § 2255(h) for a successive § 2255 motion; and (2) even under Descamps and Mathis, Petitioner's prior burglary conviction qualified as an ACCA predicate offense under the enumerated offenses clause.  See generally id., doc. no. 81.  The Court granted Respondent's motion to dismiss and dismissed Petitioner's § 2255 motion, holding Petitioner met the requirements for a second or successive motion but Petitioner's burglary conviction continued to qualify as a predicate offense under the enumerated offenses clause of the ACCA.  See id., doc. nos. 85, 87.  Again, Petitioner did not appeal.

On January 2, 2019, Petitioner filed the present § 2255 motion under the civil action number for his second § 2255, arguing the burglary offense does not qualify as a predicate offense under the ACCA because Petitioner was seventeen years old at the time of the offense, citing United States v. Pinion, 4 F.3d 941 (11th Cir. 1993).  (Doc. no. 2, pp. 6-8.) Petitioner argues he would be entitled to relief if his petition had been based on Pinion and filed today.  (Id. at 8.)  On February 1, 2019, Respondent filed a motion to dismiss Petitioner's § 2255 motion.  (Doc. no. 6.)  On February 5, 2019, the Court ordered the Clerk of Court to file Petitioner's present § 2255 motion in a new civil action.  (Doc. no. 1.)

4

## II.  DISCUSSION

### A.  Petitioner's § 2255 Motion is Barred as Second or Successive

As described above, the Eleventh Circuit authorized Petitioner to file a second or successive § 2255 motion in June 2016 because Petitioner made a *prima facie* showing his claim implicated Johnson as to whether Petitioner's burglary conviction was an ACCA predicate under the enumerated offenses or elements clause.  In re Davis, No.16-14323.  Pursuant to the Eleventh Circuit's authorization, Petitioner filed his second § 2255 motion in August 2016, which the Court dismissed because Petitioner's burglary conviction continued to qualify as a predicate offense under the enumerated offenses clause of the ACCA.  See CR 110-041, doc. nos. 85, 87.  Petitioner did not appeal, and it does not appear he has attempted to obtain authorization from the Eleventh Circuit allowing this Court to consider his present motion.

Petitioner's present motion cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b).  Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).  Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C.

§ 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those barred as second or successive, holding the petitioner's numerically second motion was *not* second or successive because the claim asserted therein, improper sentencing as a career offender, was not yet ripe at the time of his first motion because the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222);

6

see also Amodeo v. United States, 743 F. App'x 381, 384 (11th Cir. 2018) (applying Stewart).

Petitioner argues the present motion should not be barred as second or successive because "controlling precedent" in support of his claim did not exist at the time he filed his earlier petition. (Doc. no. 2, p. 9.) However, the very case on which Petitioner bases his argument, Pinion, was decided in 1993, more than twenty years before the Court ruled on his second petition. Petitioner does not allege the factual predicate for his new claim—his age at the time of the burglary—was not previously discoverable. Nor does he allege any defect only ripened after adjudication of his previous petition. Thus, Petitioner's new claim is "second or successive" in the sense contemplated by § 2255.

Because Petitioner has not yet received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's present motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### B. Petitioner is Not Entitled to Alternate Forms of Relief

In the alternative, Petitioner requests relief pursuant to 28 U.S.C. § 2241, a writ of *coram nobis*, or a writ of *audita querela*. (Doc. no. 2, pp. 9-11.) Under limited circumstances, a provision of § 2255, known as the "saving clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." See § 2255(e). However, the procedural requirements of § 2255, including the prohibition against successive petitions, does not make the remedy inadequate. McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1090-92 (2017). Thus the saving clause

does not apply to Petitioner's claim, and he cannot raise it as a § 2241 petition. Also, Petitioner may not raise his claim under a writ of *coram nobis* or *audita querela* because *coram nobis* relief is unavailable to a person still in custody, and *audita querela* is unavailable when a prisoner's claim is cognizable under § 2255. Garcia v. United States, 588 F. App'x 851, 852 (11th Cir. 2014) (citing United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

### III. CONCLUSION

Based on an initial review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to appoint counsel, Petitioner's motion to proceed *in forma pauperis*, and Respondent's motion to dismiss be **DENIED** as **MOOT**, (doc. nos. 3, 4, 6), Petitioner's § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO ORDERED this 5th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA